STATE OF RHODE ISLAND
WASINGTON, SC

SUPERIOR COURT

JOSEPH CHAYOON
Plaintiff,
V.

EL-AL AIRLINES
Defendant.

case N°:
WC 07 - 744

**COMPLAINT**

Come now the plaintiff, Joseph Chayoon, appearing pro-se, and for a Complaint against the defendant El-Al Airlines states, alleges and avers as follow:

**JURISDICTION**

**1.** The court has a subject matter jurisdiction under Title 8, Section 8-2-14 of the State of Rhode Island General Laws. The court has a personal jurisdiction due to the fact that the plaintiff is a resident of Westerly, Rhode Island, the Airline ticket was ordered from his home in Westerly Rhode Island, and the defendant advertise and doing business in Rhode Island flying residents of Rhode Island to various locations.

**GENERAL ALLIGATION**

**2.** The Plaintiff has purchased an airline ticket and travel from New York, JFK Airport to Israel, Ben Gurion Airport with a mid-flight landing in Bristol-Kiev, Ukraine.

**3.** The Plaintiff boarded an Aerosvit flight from New York JFK Airport on December 26, 2006 Flight No VV0132. At the JFK Airport the plaintiff also checked in

baggage contains of one suitcase and one large bag to be picked up in Tel Aviv Israel. The plaintiff landed in Bristol-Kiev Airport on December 27, 2006 at around 2 P.M. where he was to aboard an El-Al Airline Flight No. LV652. to Tel Aviv Ben Gurion Airport. On or about 8 P.M. of December 27. 2007 and prior to his boarding of the El-Al flight to Tel Aviv. The plaintiff was asked by El-Al Security personal in Bristol-Kiev, Ukraine to check his luggage to make sure that everything in his luggage indeed belongs to him since his luggage was partly open and insecure for a period of time. The plaintiff was than directed to area where his luggage was located and was instructed to open his luggage and examine its contain. It was then when the plaintiff found out that the zipper of the big suitcase was broken and when he opened the suitcase he discovered that a leather jacket he previously put in was missing. He then told the security personal that indeed all of the content is his but; he believes that some items were missing from the suitcase. He was then told that there was no time to investigate or to file a report but that he should check his luggage again upon his landing in Tel Aviv and to file a missing items Report in Tel Aviv Airport.

4. Upon landing and his arrival in Tel Aviv Ben Gurion Airport the plaintiff checked his luggage again and filed an initial baggage claim report with an El-Al's Lost and Found Agent who informed him, upon weighing his suitcase, that there is an 18 pounds difference between the check in at New York Airport and the weight of that same luggage in Tel Aviv, suggesting that indeed items were missing from the suitcase. The Plaintiff was then given a Damage Report Document with a file Reference No: TLVLY84661 and he were instructed to file up a full Baggage Claim Report within the next 7 days.

5. On January 1, 2007 The Plaintiff Faxed a detailed Baggage Claim Report and was told that an investigation would be conducted and if found, the missing items would be returned to him and if not he would be reimbursed for the lost. He was also told that his case would be resolved within 21 days.

6. On or about January 9, 2007 the Plaintiff was informed by an El-Al agent that since his permanent residency is in the USA his file was transferred to El Al New York office which would handled the case from then on and that he would be contacted by their New York office upon his arrival back in the USA.

7. Since the plaintiff was not contacted by El Al's Lost and Found agent upon his arrival to the United State and the phone number, (212)852-0642, he was given to contact the El-Al's Lost and Found in New York was informative contact only and was not leading to nowhere, the plaintiff was forced to contacted El Al's headquarters in Tel Aviv, Israel where he was put on hold for about 30 minutes at a time. After several calls he succeeded to speak with an Agent who gave him the email address of an agent by the name of Peter Ninger who is in charge of the El-Al's lost and Found in New York.

8. Several emails that were sent to Mr. Ninger in New York were never replied and the plaintiff again was forced to contact the El Al's Agency in Tel Aviv (An Overseas contact 011-9723-977-0150, which is relatively more costly) which again he was put on hold about 30 minutes at a time. After several attempts he managed to speak with an agent who notified the plaintiff that she would contact her supervisor and they would do the best to inform Mr. Ninger to reply to the Plaintiff's emails.

9. Since several days passed and again, no agent of the El-Al's Lost and Found agency in New York contacted the plaintiff neither by email nor by phone, the plaintiff was

forced to contact the El-Al's Tel Aviv, Israel agency again and again only after several attempts where he was put "On Hold" for about 30 minutes at a time and then disconnected, he was informed by an agent that Mr. Ninger was sent an Email (Since he cannot be connected by phone) but he was ignoring them as well. He was then promised that Ms. Einav, a Supervisor at the El-Al's Lost and Found Agency in Israel would contact him with information about his case.

**10**. Ms. Einav contacted the Plaintiff and informed him that although she has no way of contacting Mr. Ninger in New York by phone she has sent him an email but he was ignoring her as well. She then assure the plaintiff that the Manager of El-Al's Lost and Found was involved in the plaintiff's case and he would make sure that Mr. Ninger would contact the plaintiff regarding his case.

**11.** On March 6, 2007 the plaintiff received an Email from Mr. Peter Ninger stating as follows: "You may find it very hard to believe but yours is not the only claim before me. I simply do not have the time to answer everyone of your 20 e-mails. Please be patient as some claims could take a year to settle and when I get to review your claim again I will reply". At the same day Mr. Ninger contacted the plaintiff by phone telling him that he has done the wrong thing by complaining about him and giving him a bad name. That he is the **only one person responsible for the entire east coast of El-Al Lost and Found agency,** that he was not even allowed to have a secretary to help him out. That El-Al cannot even afford to provide his with an assistant. That if the plaintiff wants to get better service and some attention from him, he should contact Mr. Romano in Tel Aviv (Later on the plaintiff found out that Mr. Romano is El-Al General Manager) and ask him why

he does not allow him to heir an helping hand since he is only one person in charge of the entire east coast of the United State and nobody is helping him.

12. On or about March 26. 2007 Mr. Ninger sent the plaintiff a "Take it or leave it" settlement deal of $306.00 (where the **direct** itemize damages to the plaintiff were $1450 not including incidental loses and many costly overseas phone calls to El-Al Lost and Found in Israel). The plaintiff rejected Mr. Ninger embarrassing offer.

## FIRST CLAIM OF RELIEF

13. The defendant was responsible for the safe and security of the baggage and its contents upon its arrival in Kiev and until it would be picked up by the plaintiff in Tel Aviv, Israel. The El Al Security personal stated to the plaintiff that since his baggage was not secured at all time by El Al following its landing in Kiev and since his baggage seems to be broken into they asks the plaintiff to check its content for security reasons to make sure that no one put anything inside it admitting that they neglected to secure it after its arrival in Kiev, as they suppose to. The Lost & Found agent in Tel Aviv who weighed the plaintiff's baggage in Tel Aviv airport noticed that about 18 pounds were missing from the baggage upon its arrival in Tel Aviv. **The El Al's Lost & Found agent in Tel Aviv did assume responsibility for the plaintiff's lost.** El Al New York agent's (Mr. Ninger) frustration for not getting an helping hand should not in any way play any part in his decision of how much to pay for the lost of the plaintiff just because he complain against him for being rude to El al's customers and his offer to pay only friction of the plaintiff's lost because he is upset with him is illegal and unjustified.

The plaintiff's misadventure and loses due to El Al's negligent had been tripled since his initial loses. He was force to go through the Via Dolorosa of moving his case from Tel Aviv to New York, dealing with the rudeness of a unsatisfied, non friendly, frustrated agent that due to El Al low Budget and conservation of money had to bare responsibility by himself (with no helping hand and no assistance) the whole East Coast of the USA as far as El Al's passengers Lost & Found, taking his frustration on the plaintiff's; through the miscommunication between El Al's Lost & found in Tel Aviv and its agency in New York forcing him to spend hours and money on phone communication with El Al's Tel Aviv office only to be offered compensation for only a small friction of his loses.

**Whereof** the plaintiff Joseph Chayoon plead the court to issue a judgment against the defendant El Al and order it to pay restitution for the loses and damages inflicted upon him and his property due to their negligent and the rudeness & frustration of their understaffed, unsatisfied agent in New York and awarded the rightful sum accordingly.

Furthermore the plaintiff pray that the court issue a punitive damages to the defendant El Al Airline for the wrongful way they have treated the plaintiff as showed in the above complaint and that the court award the plaintiff such additional or alternative relief as may be just, and equitable, including cost.

Respectfully submitted.

Joseph Chayoon
Plaintiff, pro-se
P.O. Box 1535
Westerly, RI 02891
Phone: (401)322-9131

Dated: November, 2 2007
Jury demands.

# APPENDIX

**Customer Relations Department – Baggage Unit**
**P.O.B. 41, Ben Gurion Airport, 70100, Israel**
**Tel: 03-9716633 Fax: 03-7602255**
**E-mail: BaggageClaims@elal.co.il**

FOR OFFICE USE ONLY

CLAIM NUMBER

Dear Passenger,

El Al Israel Airlines does its utmost to deliver your baggage rapidly, efficiently and damage-free. Nevertheless, there are cases in which baggage is delayed, damaged or lost, and for this we apologize in advance. We are sorry for any inconvenience you were caused as a result of the event you are reporting.

[illegible] your claim effectively, **please complete the attached form, and send it to the El Al office <u>nearest your place of permanent residence</u> (Israeli residents should** [illegible] **reporting.** For the office nearest you, please visit [illegible]

El Al reserves the right to refuse responsibility for the total or partial loss of cash, jewelry, cameras, computers, [illegible] electronics, negotiable papers or bonds, inheritances, antiques, works of art, silver or gold items, rare books or publications, business or other documents, precious metals or other valuable items.

II PERSONAL DATA

| | | | | |
|---|---|---|---|---|
| Family Name (As appears on passport) | CHAYOON | First Name | YOSSEF | |
| Address 1 | P.O. Box 1535 | Address 2 (if applicable) | | |
| City/State | Westerly RI | Postal/ZIP Code | 02891 | |
| Country | U.S.A | Matmid Number | | |
| Telephone | (401) 322-9131 | Fax | | |
| Cellphone | (401) 932-0451 | Email | | |

Customer Relations Department – Baggage Unit
P.O.B. 41, Ben Gurion Airport, 70100, Israel
Tel: 03-9716633 Fax: 03-7602255
E-mail: BaggageClaims@elal.co.il

FOR OFFICE USE ONLY

CLAIM NUMBER

______________

III. FLIGHT INFORMATION (INCLUDING OTHER CARRIERS)

| Date | Flight no. | Airline | Departure airport | Arrival airport |
|---|---|---|---|---|
| 12/26/06 | VV 132 | AeroSVIT | J.F.K New York | Bristol-kiev Ukraine |
| 12/27/06 | LV652 | EL-AL | Bristol-kiev Ukrain | Ben Gurion Tel Aviv |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

IV. DETAILS OF JOURNEY AND BAGGAGE

1. Number of baggage pieces: Checked-in 2
   Received on baggage carousel ____

2. Where was baggage checked?
   ☒ Check-in counter ☐ Boarding gate ☐ Other ________

3. Where did you last see your baggage? Ben Gurion Airport Terminal.

4. Did you report the incident immediately to an El Al representative?
   ☒ Yes, report no. TLVLY 84661 ☐ No

5. Was the incident reported to another airline?
   ☐ Yes, Carrier: ______________ Report no. ______________ ☒ No

6. Did you pay for excess baggage? ☐ Yes, attached is copy of receipt ☒ No

7. Total number of passengers 1

8. Purpose of journey ☐ Business ☐ Pleasure ☒ Other privat.

9. If your baggage was anything other than a suitcase, please check the appropriate box:
   ☐ Baby stroller ☐ Surfboard ☐ Musical instrument ☐ Wheelchair
   ☐ Other Huge TRAVEL BAG.

Customer Relations Department – Baggage Unit
P.O.B. 41, Ben Gurion Airport, 70100, Israel
Tel: 03-9716633 Fax: 03-7602255
E-mail: BaggageClaims@elal.co.il

FOR OFFICE USE ONLY

CLAIM NUMBER

V. DAMAGE TO BAGGAGE OR ITEMS MISSING: 2. Huge Travel Bag – dragging damage.

1. Damage is to ☐ contents ☒ suitcase Details Broken and Ripped zipper

2. When and where did you discover the damage or missing items? Ben Gurion Airport Terminal.

3. Description of missing or damaged items:

| Item | Quantity | Date of Purchase | Purchase Price | Currency | Damage | Loss | FOR OFFICE USE ONLY |
|---|---|---|---|---|---|---|---|
| Brand New Lether Jacket | 1 | 10/06 | 300 | $ | ☐ | ☒ | |
| Brand New CK Jeans Pants + Jacket | 1 | 10/06 | 140 | $ | ☐ | ☒ | |
| 3 Dress Shirts Brand New | 3 | 2006 | 120 | $ | ☐ | ☒ | |
| PerFumes | 4 | 12/2006 | 220 | $ | ☐ | ☒ | |
| Cosmetic Case Full | 1 | 12/2006 | 65 | $ | ☐ | ☒ | |
| Brand New Dress Pants | 2 | 2006 | 140 | $ | ☐ | ☒ | |
| Seiko Watch Brand New | 1 | 12/06 | 160 | $ | ☐ | ☐ | |
| Huge Travel Bag | 1 | 3/06 | 65 | $ | ☒ | ☐ | |
| suitcase | 1 | 6/05 | 240 | $ | ☒ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | | | | ☐ | ☐ | |
| | | TOTAL: | 1450 | $ | | | |

VI. SECURITY SEPARATION

1. Object(s) detained ______________________

2. ☐ Loss ☐ Damage

3. Airport where detention occurred: ______________________

4. Were you given a receipt? ☐ Yes (please attach) ☐ No

5. Who detained the object(s)? ☐ El Al Security ☐ Airport Security ☐ Other __________

6. Value of object(s) ______________________

Customer Relations Department – Baggage Unit
P.O.B. 41, Ben Gurion Airport, 70100, Israel
Tel: 03-9716633 Fax: 03-7602255
E-mail: BaggageClaims@elal.co.il

FOR OFFICE USE ONLY

CLAIM NUMBER

______________

## VII. DELAYED RECEIPT OF BAGGAGE

Note: In the event that your luggage was delayed upon returning to your place of residence, do not fill out this section; after 21 days have elapsed, please fill out section VIII on page 5.

1. Number of days of visit (not in your place of residence) ________
2. Delay (in days/hours) in receiving baggage ___________
3. Details of expenses incurred because of delay. N/A

| Date | Description of Expense | Receipt? (Yes/No) | Purchase Price | Currency |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | TOTAL: | | |

EL AL

Customer Relations Department – Baggage Unit
P.O.B. 41, Ben Gurion Airport, 70100, Israel
Tel: 03-9716633 Fax: 03-7602255
E-mail: BaggageClaims@elal.co.il

FOR OFFICE USE ONLY

CLAIM NUMBER

______________

## VIII. BAGGAGE DELAYED FOR MORE THAN 21 DAYS

1 Details of baggage contents: N|A

| Item | Quantity | Value | Currency |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL: | | |

## IX. DECLARATION

**By submitting this form, I hereby declare that all the details in this document and in all the appended documents are accurate, complete and true. I hereby submit my claim against El Al Israel Airlines in the sum of** 1450 **in** $ (currency) **for the loss/damage incurred on** (date) 12/27-28/2006

[signature] Feb 23, 2007 ______________ ______________

**Signature*** **Date** **Signature** **Date**

*Persons signing must be at least 18 years old. Parents may sign for their children under age 18.

Gmail

joseph chen <yosscn@gmail.com>

# baggage claim

6 messages

**joseph chen <yosscn@gmail.com>** **Sun, Jan 28, 2007 at 10:43 AM**
To: pninger@elalusa.com
Bcc: yosscn@gmail.com

File Refrence: TLVLY84661. I have sent a Fax with my claim to Israel Baggage Claim Fax No: 972 3 760-2255 on 01-JAN-2007 Time: 13:30 on Monday. El Al Baggage Claim Dep. have (Par their statement) sent this Fax to New York office (since I am a resident of the USA) to Mr. Peter Ninger at the same day and I was told that I would be contacted within 21 days (until 22-JAN-2007) but I have not yet received any sign from you or your Dep. in the USA. The Phon No. They have gave me to contact you is: (212)852-0642. Unfourtunetly this Phone No. leads to nowhere, (just 3 minnuts of bubling, brushing off, annonsment which saya nothing) and Mr. Ninger still is unreachable and untochable and do not get back to the caller. After several talk with several Manegers and Steff members of El Al in Israel it seems like even they CANNOT get in touch with this person only via emai. (Who is this person a representative of EL Al that nobody can reach?) WHAT IS GOING ON?
pLEASE GET BACK TO ME. My Phone No. is: (401)322-9131. My Address in the US is Joseph Chayoon P.O. Box 1535 Westerly RI 02891.

**joseph chen <yosscn@gmail.com>** **Sun, Jan 28, 2007 at 10:46 AM**
To: baggageclaims@elal.co.il
Bcc: yosscn@gmail.com

[Quoted text hidden]

**joseph chen <yosscn@gmail.com>** **Sun, Jan 28, 2007 at 10:50 AM**
To: customer@elal.co.il
Bcc: yosscn@gmail.com

---------- Forwarded message ----------
From: joseph chen <yosscn@gmail.com>
[Quoted text hidden]

**joseph chen <yosscn@gmail.com>** **Wed, Jan 31, 2007 at 9:31 AM**
To: baggageclaims@elalusa.com
Cc: baggageclaims@elal.co.il, customer@elal.co.il, pninger@elalusa.com

---------- Forwarded message ----------
From: joseph Chayoon <yosscn@gmail.com>
Date: Jan 28, 2007 9:46 AM
Subject: Fwd: baggage claim
To: baggageclaims@elal.co.il

---------- Forwarded message ----------
From: joseph chayoon <yosscn@gmail.com>

GM joseph chen <yosscn@gmail.com>

# Claim: TLVLY84661

1 message

joseph chen <yosscn@gmail.com> Fri, Feb 16, 2007 at 12:21 PM
To: customerr@elal.co.il, castomer@elal.co.il

File Reference: TLVLY84661. I have sent a Fax with my claim to Israel Baggage Claim Fax No: 972 3 760-2255 on 01-JAN-2007 Time: 13:30 on Monday. El Al Baggage Claim Dep. have (Par their statement) sent this Fax to New York office (since I am a resident of the USA) to Mr. Peter Ninger at the same day and I was told that I would be contacted within 21 days (until 22-JAN-2007) but I have not yet received any sign from you or your Dep. in the USA. The Phone No. They have gave me to contact you is: (212)852-0642. Unfortunately this Phone No. leads to nowhere, (just 3 minutes of bubbling, brushing off, announcement which says nothing) and Mr. Ninger still is unreachable and untouchable and do not get back to the caller. After several talk with several Managers and Staff members of El Al in Israel it seems like even they CANNOT get in touch with this person only via email. (Who is this person a representative of EL Al that nobody can reach?) WHAT IS GOING ON? PLEASE GET BACK TO ME. My Phone No. is: (401)322-9131. My Address in the US is Joseph Chayoon P.O. Box 1535 Westerly RI 02891.

This is a letter that I have sent to you on January 31, 2007. It was sent following a letter to you and to Mr. Peter Ninger on January 25, 2007 and was not replied. Following several calls to El Al in Tel Aviv to phone:03-977-0150 (To your attention all of those call, about 25 phone calls of about 30 minuets averaged time EACH are costing me a fortune since I am calling from Rhode Island USA, most of the time I had to wait until a REAL PERSON would pick up the phone while a countless repeated one line JINGLE repeatedly jingling in my ear "LA TUSS EL AL" again... and again... and again....and again. Please enough with the torture. (I have to admit and recommend your "IBUD KVUDA" staff who answers the phone, for being very polite and understanding over the phone. which is one light in the horror tunnel that I am walking trying to resolve my situation in this case). I understood that my filed was referred to MR. PETER NINGER in New York, (File No. in New York is: 466147) which I have sent several Email to. but was never received not even ONE line not even just: "I have received your file and I am looking into it" or any one line response. I HAVE BEEN TOTALLY IGNORED by this person and as I have learnt from your staff in Tel Aviv he is ignoring them as well and he cannot be contacted by phone neither. WHO IS THIS PERSON? WHY DOES HE IGNORES EVERYBODY? WHY IS HE STILL WORKING FOR YOU WHEN HE IS GIVING EL AL SUCH A BAD NAME? WHILE HE IS IGNORING EVERYBODY? WHO IS THIS PERSON? WHOM DOES HE KNOW IN EL AL TO STILL KEEP HIS JOB?. Any way I am still waiting for my case to be resolved. or even some kind of acknowledgment from Mr. Ninger. Thank. Joseph.

GM

joseph chen <yosscn@gmail.com>

# Re: The Rudeness of Mr. Peter Ninger Baggege Claim USA

1 message

**joseph chen <yosscn@gmail.com>** **Wed, Mar 7, 2007 at 9:21 PM**
To: customer@elal.co.il, customerr@elal.co.il, einavme@elal.co.il

As you know from several Emails I have sent to you regarding my loss (See Claim No. TLVLY84661) I was force to deal with the rudeness of Mr. Peter Ninger that almost completely ignored me. After several email I have sent him regarding my loss he has finally send me a one line not stating that the reason he did not file my claim is because the form was not in English (This was the only form I was supplied by your agent in Tel Aviv airport, but I did write all the details in both Hebrew and in English) But for some reason he did not attempt to send me an English form to fill out. I then contacted Einav in Israel Baggage Claim and was nice enough to Email me the English forms which i have filled up in English and sent to Mr. Ninger. when I have not received any email for him acknowledging the receipt of the forms I have sent him. I have sent him an Email requesting an Acknowledgment of the receiving of the Forms. but I was again totally ignored. a week later I have sent him another Email again requesting an acknowledgment but again I was ignored. I then contacted the baggage Claim in Israel and asked them to find out what is going on but they have stated that they cannot contact him by Phone and they will send him an Email but this did not help neither. I then sent him another Email. Only then I have receive an Email in return RUDELY stating: Reply

from Peter Ninger <pninger@elalusa.com> hide details Mar 6 (1 day ago)
to joseph chen <yosscn@gmail.com>
date Mar 6, 2007 11:10 AM
subject RE: Claim Joseph Chayoon To Mr. Ninger

Mr. Chayoon,

You may find this very hard to believe but yours is not the only claim before me. I simply do not have the time to answer everyone of your 20 e-mails. Please be patient as some claims take up to a year to settle and when I get to review your claim again (since the first one was in Hebrew) I will reply.

At the same day he has call me over the Phone telling me not to bother him again. telling me that my case could take a year because there are a lot of claims and he is the only person who is responsible for the entire USA stating that I should have to: "talk to Mr. ROMANO Why is does not want to heir more is not my problem". Indeed WHY DOES EL AL HAS ONLY ONE PERSON RESPONSIBLE FOR THE WHOLE USA EL AL PATRONS. don't you think it is giving ElAl a bad name Since his RUDENESS drives from the pressure he is in by being forced to Handel the entire USA. and I am echoing his request to Mr. ROMANO (Whoever this person is) Please supply him with additional manpower.Mr. Ninger is having hard time handling the whole USA on his shoulder. and them maybe he would be less rude to the American El Al customers. Thank Joseph Chayoon. Please response to this letter.

It has been determined to compensate you in the amount of $306.00, in full and final settlement. This amount is based on the following in accordance with the information and documents we have on record in this regard less 60% for depreciation.

This offer is made with the aim of amicably settling a disputed claim without admission of any liability whatsoever on behalf of EL AL Israel Air Lines, Ltd., their employees, servants or agents.

We are enclosing our release and settlement of claim forms. Kindly sign all three copies and return them to our office. Upon receipt of the signed release forms, we shall forward you a check in the amount of $306.00, in full and final settlement upon your return.

It is possible that the loss may be recovered through private insurance. Should you have such coverage, we will be happy to assist you by providing any information your insurance company may require.

We certainly understand your present feelings, but I certainly hope that you will not judge EL AL solely on basis of this recent experience. Your business is important to us, and we sincerely regret the circumstances of your loss. We will look forward to any future opportunity to restore your confidence in our ability to make travel on El Al pleasant and trouble-free.

Sincerely,

Peter Ninger
Insurance & Claims Coordinator
North & Central America

EL AL

FILE No. 11/46/6147

**RELEASE AND SETTLEMENT OF CLAIM**

For the sole consideration of:

..........................................$306.00 (Three Hundred & 00/100---- Dollars)

..............In Full and Final Settlement of This Claim.......................................................

(hereinafter referred to together. as "THE SAID AMOUNT") paid by EL AL ISRAEL AIRLINES LIMITED, of BEN-GURION AIRPORT (hereinafter referred. to as EL AL), the receipt of which is hereby acknowledged.
I/We ......Yossef Chayoon......................................................................................

Residing at...P.O. Box 1535 Westerly, RI 02891...................................................................
Being of lawful age do hereby release, acquit and forever discharge EL AL and/or its employees, servants and agents and/or any other person for whom EL AL is liable, for all claims and demands for damages sustained and/or which may hereinafter at any time be sustained -by me/us, arising out of, in connection with, or incidental to the accident and/or occurrence and/or incident arid/or delay which occurred on or
about ...LY0652/27DEC06 KBP/TLV
..........................................................................................................................................
In respect of loss of or damage to any of my/our baggage and/or freight and/or any other property (the baggage and/or freight and/or other property together shall hereinafter be referred to as "THE SAID GOODS") and/or -known or unknown personal injury, and/or any claim, and demands whatsoever. In consideration of the said payment I/we also agree to indemnify EL AL, its servants and agents, against all or any other claims which may be made in connection with the loss or damage above referred to.

In further consideration of the said payment, I/we hereby irrevocably assign to EL AL all my/our rights, title and interest in the said goods and/or arising- out of, in connection with, or incidental to, the said accident and/or occurrence. and/or incident: and/or delay. In the event of all or any of the said goods being found at any time, EL AL shall, at its option have the right upon return of same to me/as to obtain refund by me/us of the said amount or the appropriate part thereof, or to sell same and retain any consideration obtained therefor.

The said amount is received in full accord and satisfaction of a disputed claim and does not constitute any admission of liability by EL AL.

Witness my/our hand and seal this................................day of......................19......................

........................................ Signature.......................................................................
Witness

........................................
Witness

Name: Mr. Yossef Chayoon
Address: P.O. Box 1535
Westerly, RI 02891

2007 NOV 21 PM 2:30
NEW YORK COUNTY DIV
66 JOHN STREET 2ND FLOOR
NEW YORK, NY 10038

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

___ ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

X ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. WC 07-74

JOSEPH CHAYOON
**Plaintiff**

EL-AL AIRLINES
**Defendant**

## ***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ..........
Plaintiff's attorney, whose address is ..........
..........
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

..........
CLERK

Dated: ..........

**(Seal of the Superior Court)**

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

Washigton ,SC

## PROOF OF SERVICE

I hereby certify that on the .............................. day of .............................. I served a copy of this summons and a copy of the complaint received therewith upon ..............................

..............................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..............................

.............................. (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ..............................

.............................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..............................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................

..............................

..............................

Sheriff's Fees

Travel .............. $..............

Service .............. $..............

$..............

..............................
Deputy Sheriff

CIVIL ACTION

FILE NO. WC 07-744

SUMMONS

SUPERIOR COURT

Joseph Chaqoon

VS

EL-AL AIRLINES

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.