UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH CHAYOON, Plaintiff, v. EL-AL AIRLINES Defendant. | CIVIL ACTION NO. 07-00473 (DLM) **ANSWER** |

Defendant EL AL ISRAEL AIRLINES, LTD. (incorrectly sued herein as "EL-AL AIRLINES" and hereinafter "EL AL"), answers plaintiff's Summons and Complaint ("Complaint") as follows:

**AS TO JURISDICTION**

1. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint, and leaves all questions of law for the Court.

**AS TO GENERAL ALLEGATIONS**

2. Denies the allegations in paragraph 2 of the Complaint except admits that plaintiff purchased a ticket for transportation by air from Kiev, Ukraine to Tel Aviv, Israel to Kiev, Ukraine on EL AL.

3. Denies the allegations in paragraph 3 of the Complaint except admits that plaintiff had a ticket to travel aboard EL AL Flight No. LY652 from Kiev, Ukraine to Tel Aviv, Israel on December 27, 2006, and that the damage to and/or partial loss of plaintiff's baggage, if any, occurred while the baggage was in possession of Aerosvit Airlines prior to any transportation aboard EL AL.

4. Denies the allegations in paragraph 4 of the Complaint except admits that the damage to and/or partial loss of plaintiff's baggage, if any, occurred while the baggage was in possession of Aerosvit Airlines prior to any transportation aboard EL AL, and that plaintiff ultimately completed Baggage Claim Report.

5. Denies the allegations in paragraphs 5 through 12 of the Complaint except admits that plaintiff e-mailed and/or called EL AL with regard to his baggage, Peter Ninger e-mailed plaintiff on or about March 6, 2007, with regard to plaintiff's claims, EL AL offered to settle plaintiff's claims for US $306, and EL AL's offer was rejected by plaintiff.

**AS TO FIRST CLAIM FOR RELIEF**

6. Denies the allegations in paragraph 13 of the Complaint except admits that the damage to and/or partial loss of plaintiff's baggage, if any, occurred while the baggage was in possession of Aerosvit Airlines prior to any transportation aboard EL AL.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

7. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

8. EL AL performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by EL AL, in accordance with such terms and conditions of contract.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

9. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air,

concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997) (note) as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw 12 October 1929, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September 1955 and entered into force 1 August 1963) ("Warsaw Convention"), and/or the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention" and, collectively, the "multilateral treaty"), and the rights of the parties are governed exclusively by the provisions of the multilateral treaty.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

10. Pursuant to the multilateral treaty, EL AL's tariffs, EL AL's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, EL AL is not liable to plaintiff for the loss or damage described in the Complaint.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

11. Pursuant to the multilateral treaty, this Court lacks treaty jurisdiction and therefore lacks subject matter jurisdiction of the claims asserted by plaintiff in this action as against EL AL.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

12. Pursuant to the Warsaw Convention, EL AL is not liable to plaintiff because it took all necessary measures to prevent the loss.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

13. Pursuant to the multilateral treaty, EL AL is not liable to plaintiff for the loss described in the Complaint because the alleged loss was caused or contributed to by an inherent defect, quality or vice of the baggage.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

14. Pursuant to the multilateral treaty and/or EL AL's tariffs and conditions of contract set forth in the relevant contract of carriage, plaintiff may not maintain an action against EL AL and/or EL AL is not liable to plaintiff for the loss described in the Complaint because the alleged loss did not occur while the baggage was in EL AL's possession or the possession of its employees or agents.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**

15. EL AL's liability, if any, is limited pursuant to the multilateral treaty and/or EL AL's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

16. Pursuant to the multilateral treaty and/or EL AL's tariffs and conditions of carriage, EL AL is not liable to plaintiff because plaintiff failed to dispatch timely written notice of claim to EL AL of the loss or damage alleged in the Complaint.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

17. The alleged damages complained of were not proximately caused by any culpable conduct on the part of EL AL.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

18. The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and, therefore, EL AL is not liable for any damages allegedly sustained by plaintiff or, alternatively, its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

19. The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than EL AL and EL AL is, therefore, not liable to plaintiff or, alternatively, the amount of damages recoverable by plaintiff must be diminished in the proportion which the negligence or culpable conduct attributable to parties other than EL AL bears to the negligence or culpable conduct which caused the damage.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

20. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by EL AL or any person or entity for whom EL AL is responsible.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

21. EL AL asserts that if it is liable to plaintiff, which liability EL AL expressly denies, then EL AL is entitled to a set-off for all settlements/benefits received by plaintiff.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiff's state law claims against EL AL are completely preempted by the multilateral treaty, or by federal law, including the Federal Aviation Act of 1958 as amended

(P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq*. now recodified and incorporated into 49 U.S.C. §40101 *et seq*.), and 49 U.S.C. §41713.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

23. Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

**NOTICE OF APPLICABILITY OF FOREIGN LAW**

24. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, EL AL hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

Dated: January 2, 2008

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

/s/ Richard P. Campbell
Richard P. Campbell (RI Bar #5685)
One Constitution Plaza, 3d Floor
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115
rpcampbell@campbell-trial-lawyers.com

-and-

Diane Westwood Wilson
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 710-3900

Attorneys for Defendant
EL AL ISRAEL AIRLINES, LTD.

**CERTIFICATE OF SERVICE**

I, Richard P. Campbell, attorney for the defendant, El Al Israel Airlines, Ltd., hereby certify that on January 2, 2008, I served a true copy of the above Answer by first class mail, postage pre-paid, on the following individual:

Joseph Chayoon
P.O. Box 1535
Westerly, RI 02891

/s/ Richard P. Campbell
Richard P. Campbell