UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH CHAYOON, Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 07-00473 (DLM) |
| EL-AL AIRLINES Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES OF EL AL ISRAEL AIRLINES, LTD. IN RESPONSE AND OPPOSITION TO PLAINTIFF'S OBJECTION TO NOTICE OF REMOVAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY .......... 1

*The Complaint* .......... 1

*The Removal* .......... 2

*Chayoon's Objection to Notice of Removal* .......... 3

ARGUMENT .......... 3

I. REMOVAL WAS PROPER BECAUSE CHAYOON'S WELL-PLEADED COMPLAINT PRESENTS CLAIMS BASED ON AND GOVERNED BY FEDERAL TREATY LAW .......... 3

II. CHAYOON CANNOT AVOID THE EXCLUSIVITY OF THE MONTREAL CONVENTION .......... 5

A. The Montreal Convention Applies to Chayoon's Claims .......... 6

B. The Montreal Convention Creates Chayoon's Exclusive Cause Of Action And Completely Preempts All State Law-Based Claims .......... 7

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

*Page*

***Cases:***

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) .......... 3

*Ajibola v. Sabena Belgium Airline*, No. 95 Civ. 2479, 1995 WL 552737 (S.D.N.Y. Sept. 15, 1995) .......... 11

*American Policyholders Ins. Co. v. Nyacol Prod., Inc.*, 989 F.2d 1256 (1st Cir. 1993) .......... 4

*BIW Deceived v. Local S6*, 132 F.3d 824 (1st Cir. 1997) .......... 10

*Bloom v. Alaska Airlines*, No. CV-01-00325-RSWL, 2002 WL 1136727 (9th Cir. May 30, 2002) .......... 10

*Booker v. BWIA West Indies Airways Ltd.*, No. 06-cv-2146, 2007 WL 1351927 (E.D.N.Y. May 8, 2007) .......... 8, 11

*Casey v. Panalpina, Inc.*, No. Civ. A 97-3360, 1998 WL 118108 (E.D. La. Mar. 12, 1998) .......... 11

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .......... 4

*Cruz v. American Airlines, Inc.*, 193 F.3d 526 (D.C. Cir. 1999) .......... 7, 8, 9

*Eastern Airlines v. Floyd,* 499 U.S. 530 (1991) .......... 5

*Ehrlich v. American Airlines*, 360 F.3d 366 (2d Cir. 2004) .......... 5

*El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999) .......... 4, 5, 7, 8, 10

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) .......... 3, 4

*Husain v. Olympic Airways*, 540 U.S. 644 (2004) .......... 7

*Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151 (8th Cir. 1999) .......... 4, 7, 10, 11

*In Re Air Crash at Belle Harbor*, Nos. 02 Civ. 4765 (RWS) and 1448 (RWS), 2002 WL 31356266 (S.D.N.Y. Oct. 17, 2002) .......... 10, 11

*King v. American Airlines*, 284 F.3d 352 (2d Cir. 2002) .......... 7, 9

*Knowlton v. American Airlines, Inc.*, No. RDB-06-854, 2007 WL 273794 (D. Md. Jan. 31, 2007) ........ 11

*Luna v. Compania Panamena de Aviacion, S.A.*, 851 F. Supp. 826 (S.D. Tex. 1994) ........ 11

*Maddox v. American Airlines, Inc.*, 298 F.3d 694 (8th Cir. 2002) ........ 11

*Muoneke v. Compagnie Nationale Air France*, No. 06-20433, 2007 WL 2710468 (5th Cir. Sept. 17, 2007) ........ 8

*Northwest Bypass Group v. U.S. Army Corps of Engineers*, 488 F. Supp. 2d 22 (D.N.H. 2007) .1n

*Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106 (S.D.N.Y. 2004) ........ 11

*Potter v. Delta Air Lines*, 98 F.3d 881 (5th Cir. 1996) ........ 10

*Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1 (1st Cir. 2004) ........ 3, 10

*Singh v. North American Airlines*, 426 F. Supp. 2d 38 (E.D.N.Y. 2006) ........ 11

*Small v. America West Airlines*, No. 05-3793, 2007 WL 3231796, at * 2 (D.N.J. October 30, 2007) ........ 9

*United States v. Bello*, 194 F.3d 18 (1st Cir. 1999) ........ 1n

*Vargas v. Geologistics Americas, Inc.*, 284 F.3d 232 (1st Cir. 2002) ........ 4

*Velasquez v. Aerovias Nacionales De Colombia, S.A.*, 747 F. Supp. 670 (S.D. Fla. 1990) ........ 11

*Wysotski v. Air Canada*, No. C 02-04952 CRB, 2006 WL 581093 (N.D. Cal. Mar. 6, 2006) ........ 8

*Yanovskiy v. Air France*, No. 98-9055, 1999 WL 248126 (2d Cir. Apr. 23, 1999) ........ 9

*York v. Day Transfer Co.*, __ F. Supp. 2d __, 2007 WL 4199600 (D.R.I. Nov. 20, 2007) ........ 4

***Treaties, Statutes and Rules:***

28 U.S.C. §1331 ........ 1,2

28 U.S.C. §1441 ........ 1,2

28 U.S.C. §1441(b) ........ 3

Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997) (note) ..........2

Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 .......... *passim*

Fed. R. Evid. 201 ..........1n

U.S. Const., art. VI..........7

U.S. Department of State, *Treaties in Force* (2006) *available at* http://www.state.gov/s/l/treaty/treaties/2006/..........5,6

Warsaw Convention as amended at The Hague, 1955, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September 1955 and entered into force 1 August 1963)..........2

Warsaw Convention as amended at The Hague, 1955 and by Protocol No. 4 of Montreal, 1975, *reprinted in* 5 Exec. Rep. No. 105-20, pp. 21-32 (1998).......... *passim*

***Other Authorities:***

P. Dempsey and M. Milde, *International Air Carrier Liability: The Montreal Convention of 1999* (McGill University, Centre for Research in Air & Space Law 2005) ..........5

## PRELIMINARY STATEMENT

Defendant EL AL Israel Airlines, Ltd. (incorrectly sued herein as "EL-AL Airlines" and hereinafter "EL AL") respectfully submits this memorandum of points and authorities in response and opposition to plaintiff's objection[1] to notice of removal on the grounds that this action was properly removed pursuant to 28 U.S.C. §§ 1331 and 1441. Removal was proper because plaintiff's claims are exclusively governed and completely preempted by a treaty of the United States.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

***The Complaint.*** Plaintiff Joseph Chayoon ("Chayoon") commenced this action in the Superior Court of Rhode Island, Washington County, by filing a Summons and Complaint on or about November 2, 2007. *See* Complaint, Exhibit "A" to Docket Item No. 1. Chayoon seeks to recover for alleged damage to and partial loss of baggage during transportation from New York to Tel Aviv, Israel via Kiev, Ukraine. *See* Complaint, ¶¶ 3-4. Chayoon specifically alleges that he purchased an airline ticket for travel from New York to Kiev, Ukraine on board Aerosvit Airlines Flight No. VV0132 on December 26, 2006, and from Kiev, Ukraine to Tel Aviv, Israel on board EL AL Flight LY0652[2] on December 27, 2006. *See* Complaint, ¶¶ 2-3.

Chayoon claims that while he was at the airport in Kiev, EL AL security requested that Chayoon inspect his baggage because it was partly open and insecure for a period of time. *See*

---

[1] For purposes of this Response, EL AL treats plaintiff's objection as a motion to remand the action to the Superior Court of Rhode Island.

[2] Chayoon's complaint incorrectly lists EL AL's airline identifier code as LV instead of LY. See http://www.airlinecodes.co.uk/airlcodesearch.asp, the relevant page of which is attached as Exhibit "A" hereto. The Court can take judicial notice of this incontrovertible fact. *See* Fed. R. Evid. 201(b); *United States v. Bello*, 194 F.3d 18, 23-24 (1st Cir. 1999) (holding judicial notice that prison was located within jurisdiction of United States based on undisputed documentary evidence was proper); *Northwest Bypass Group v. U.S. Army Corps of Engineers*, 488 F. Supp. 2d 22, 26 (D.N.H. 2007) (taking judicial notice of undisputed facts contained in newspaper article, minutes of zoning board meeting and letter from attorney).

Complaint, ¶ 3. After proceeding to the area where his baggage was located, Chayoon allegedly determined that the zipper of one of his bags was broken and that a leather jacket was missing. *See* Complaint, ¶ 3. Chayoon further claims that he did not have time to thoroughly inspect his baggage in Kiev, but that upon arrival in Tel Aviv he inspected his baggage more thoroughly and determined that a number of items were missing. *See* Complaint, ¶ 4. On January 1, 2007, Chayoon faxed a Baggage Claim Report to EL AL, which asserted $1,450 for the loss of certain items and damage to his baggage. *See* Complaint, ¶ 5 and Baggage Claim Report attached as part of Appendix thereto. Chayoon also claims that he is entitled to seek damages for the allegedly negligent and rude treatment by EL AL in response to his claim. *See* Complaint, ¶¶ 6-13.

***The Removal.*** On December 21, 2007, EL AL filed its timely removal pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis that the carriage out of which this action arose was "international" under both the (1) Montreal Convention,[3] and (2) Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. § 40105 (1997) (note) as amended at the Hague, 1995, 478 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September 1955 and entered into force 1 August 1963) and/or by Protocol No. 4 of Montreal, 1975, *reprinted in* 5 Exec. Rep. No. 105-20, pp. 21-32 (1998) (hereinafter "Warsaw Convention"). *See* Exhibit "C".

[3] Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"). *See* Exhibit "B".

***Chayoon's Objection to Notice of Removal.*** On January 7, 2008, Chayoon filed his objection to removal. While Chayoon concedes "that the lost [sic] of baggage part of the above claim might contain a federal question in it and might even allows [sic] a District Court jurisdiction," he asserts that the majority of his damages relate to EL AL's handling of the "Lost [sic] of Baggage Claim". Chayoon is mistaken for the reasons set forth herein, requiring denial of his objection as a matter of federal treaty law.

## ARGUMENT

### I

### REMOVAL WAS PROPER BECAUSE CHAYOON'S WELL-PLEADED COMPLAINT PRESENTS CLAIMS BASED ON AND GOVERNED BY FEDERAL TREATY LAW

EL AL was entitled to remove this action filed in state court pursuant to 28 U.S.C. § 1441(b) because it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States". The determination of whether a claim "arises under" a federal law or treaty for purposes of removal jurisdiction is determined by reference to the "well-pleaded complaint". *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004). The well-pleaded complaint rule provides that federal question jurisdiction is present when plaintiff's cause of action, as set forth in the complaint, is based on federal law. *Id.*

An important corollary to the well-pleaded complaint rule is the "complete preemption doctrine," pursuant to which removal is proper even if the complaint does not make specific reference to a federal question. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983); *Vargas v. Geologistics Americas, Inc.*, 284 F.3d 232, 234 (1st Cir. 2002); *York v. Day*

*Transfer Co.*, __ F. Supp. 2d __, 2007 WL 4199600, at * 3 (D.R.I. Nov. 20, 2007). As the Supreme Court explained in *Caterpillar, Inc. v. Williams,*

> [o]n occasion . . . the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citations omitted); *see Franchise Tax Bd.*, 463 U.S. at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"). Accordingly, when a state cause of action is completely pre-empted by federal law, "the suit is considered a creature of federal law". *See American Policyholders Ins. Co. v. Nyacol Prod., Inc.*, 989 F.2d 1256, 1263 (1st Cir. 1993).

Chayoon's objection does not dispute the applicability of a treaty (either the Montreal Convention or Warsaw Convention) to at least some of the claims set forth in his complaint; ergo, removal was proper. Chayoon mistakenly believes that claims arising out of EL AL's handling of his claim for lost/damaged baggage are not governed by the Convention. Contrary to Chayoon's unsupported assertions, any claim that Chayoon could make against EL AL is governed exclusively by international aviation treaty law. Because Convention law preempts all state law claims, EL AL properly removed this case to federal court. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 167, 171-72 (1999); *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1152-53 (8th Cir. 1999).

**II**

**CHAYOON CANNOT AVOID THE EXCLUSIVITY**
**OF THE MONTREAL CONVENTION**

The Supreme Court settled that the Warsaw Convention (drafted in 1929 and the precursor to the Montreal Convention) is a treaty that exclusively governs the rights and liabilities of a carrier in the international carriage of passengers, baggage and cargo. *See Tseng*, 525 U.S. at 161, 169.[4] The Warsaw Convention had two primary goals: (1) to establish worldwide uniform laws for claims arising out of international carriage of passengers, baggage and cargo, and (2) to limit the liability of the air carrier for such claims. *See id.*; *Eastern Airlines v. Floyd,* 499 U.S. 530, 546, 552-53 (1991). The United States and Israel are parties to the Warsaw Convention as amended by the Hague Protocol and Montreal Protocol No. 4. *See* U.S. Dep't of State, *Treaties in Force*, at 378 (2006) *available at* http://www.state.gov/s/l/treaty/treaties/2006/, attached as Exhibit "D" hereto, listing signatories.

The Montreal Convention, drafted in 1999, is the product of an effort by the International Civil Aviation Organization ("ICAO"), a specialized agency of the United Nations, to update and "harmonize the hodgepodge of supplementary amendments and intercarrier agreements"of which the Warsaw Convention system of liability consists. *See Ehrlich v. American Airlines*, 360 F.3d 366, 371 n.4 (2d Cir. 2004); *see also* P. Dempsey and M. Milde, *International Air Carrier Liability: The Montreal Convention of 1999* at 41-43. The Montreal Convention treaty unifies and replaces the Warsaw Convention system of liability, but retains many of the same provisions and terms as the Warsaw Convention. *Id.* Like the Warsaw Convention, one of the primary goals of the Montreal Convention is uniformity of law. On

---

4 The Warsaw Convention has been subject to supplementation and numerous amending Protocols, including the Hague Protocol (1955) and Montreal Protocol No. 4 (1975). *See* P. Dempsey and M. Milde, *International Air Carrier Liability: The Montreal Convention of 1999* at 9-36 (McGill University, Centre for Research in Air & Space Law 2005).

September 5, 2003, the United States deposited its instrument of ratification of the Montreal Convention with the ICAO and the Convention entered into force 90 days thereafter on November 4, 2003. While the United States is a party to the Montreal Convention, Israel is not. *See* U.S. Dep't of State, *Treaties in Force*, at 384-85 (2006) *available at* http://www.state.gov/s/l/treaty/treaties/2006/, attached as Exhibit "E" hereto, listing signatories.

**A. <u>The Montreal Convention Applies to Chayoon's Claims</u>.**

Because Chayoon's complaint does not state whether he was engaged in round-trip transportation, it is not clear which treaty governs his claims—if Chayoon's travel was one-way (New York—Kiev—Tel Aviv), the Warsaw Convention would apply; if Chayoon's travel was round-trip (New York—Kiev—Tel Aviv—Kiev—New York), the Montreal Convention would apply. This, however, was no impediment to EL AL removing this action based upon the facts alleged in the Complaint, as it is clear that Chayoon's carriage was "international carriage," and the ultimate conclusion that Chayoon's state law action is preempted is the same, under either Convention.[5] Nonetheless, although it does not affect the ultimate analysis, because Chayoon states that his permanent residence is in the United States, indicating that round-trip transportation was likely, and Chayoon's transportation indisputably was round-trip,[6] EL AL's response analyzes the Montreal Convention.

Article 1(1) of the Montreal Convention, entitled "Scope of Application," declares that the "Convention applies to all international carriage of persons, baggage or cargo performed by aircraft

---

5 The language of the articles relevant to the preemption analysis under the Warsaw Convention (Articles 1 and 24) and Montreal Convention (Articles 1 and 29) are almost identical.

6 *See* Exhibit "F".

for reward". The phrase "international carriage" is defined in Article 1(2) of the Montreal Convention to mean:

> . . . any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party. . . .

Montreal Convention, Article 1(2).

The passenger ticket pursuant to which Chayoon was traveling at the time of the incident provided for "international carriage" within the meaning of Article 1 of the Montreal Convention, as Chayoon's place of departure and his place of destination are situated within the United States, a State Party, and there were stopping places in the Ukraine and Israel. *See* Montreal Convention, Art.1(2).[7]

**B. The Montreal Convention Creates Chayoon's Exclusive Cause Of Action And Completely Preempts All State Law-Based Claims.**

As a treaty of the United States, the Montreal Convention is the supreme law of the land. U.S. Const. art. VI, cl. 2; *see also Husain v. Olympic Airways*, 540 U.S. 644 (2004); *Tseng*, 525 U.S. at 160 (1999). Where the carriage is international as defined in Article 1.2, the provisions of the Montreal Convention apply to the transportation and govern exclusively the rights and liabilities of the parties. *Tseng*, 525 U.S. at 161; *King v. American Airlines*, 284 F.3d 352, 356-59 (2d Cir. 2002); *Cruz v. American Airlines, Inc.*, 193 F.3d 526, 527 (D.C. Cir. 1999); *Husmann*, 169 F.3d at 1151, 1152-53.

Article 17.2 of the Montreal Convention sets forth the cause of action for damage to and/or partial loss of baggage as follows:

---

7 Article 1 of the Montreal Convention parallels Article 1 of the Warsaw Convention. Whether round-trip or one way, the carriage was "international".

> The carrier is liable for damage sustained in the case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier.

Thus, if Chayoon has any claim for damage to or partial loss of contents of his checked baggage it is exclusively governed by the Montreal Convention. *Tseng,* 525 U.S. 155; *Muoneke v. Compagnie Nationale Air France*, No. 06-20433, 2007 WL 2710468, at * 2 (5th Cir. Sept. 17, 2007) (Warsaw Convention provides exclusive cause of action for loss of baggage during international transportation); *Cruz*, 193 F.3d at 530-31 (Warsaw Convention provides exclusive cause of action for lost baggage); *Booker v. BWIA West Indies Airways Ltd.*, No. 06-cv-2146, 2007 WL 1351927, at * 2 (E.D.N.Y. May 8, 2007) (Montreal Convention exclusively governs claims for damage to and partial loss of baggage).

Chayoon concedes that his claims for damage to and partial loss of baggage may be governed by federal law, but argues that the "more prominent part of the claim is the way [EL AL] . . . handled the case **after** the claim of loss of baggage was filed by the plaintiff". *See* Plaintiff's Objection to Removal, at 1 (emphasis in original). Contrary to Chayoon's assertion, however, these alleged claims also are governed exclusively by the Montreal Convention. *See, e.g.*, *Wysotski v. Air Canada*, in which the plaintiffs filed suit for the loss of their cat during international transportation governed by the Warsaw Convention. *Wysotski*, No. C 02-04952 CRB, 2006 WL 581093 (N.D. Cal. Mar. 6, 2006). Plaintiffs argued that while their claims for the actual loss of their cat were governed by the Warsaw Convention, the Convention did not preempt their state law claims that Air Canada made misrepresentations regarding the care that would be taken, nor their claims that Air Canada did not permit adequate searching for the cat

after he was discovered missing. *Id.* at * 3. The court rejected plaintiffs' claims and held that they too were preempted by the Convention, explaining:

> The Warsaw Convention, however, would cease to be an exclusive remedy—and the Supreme Court's opinion in *El Al* would be gutted—if plaintiffs who could not assert state-law claims for the act itself were nonetheless permitted to sue under state law for ex ante representations that the act would not occur or ex post failure to redress the harm.

*Id.* at * 4.

The D.C. Circuit Court of Appeals similarly held, in *Cruz*, that plaintiffs' state law claims for fraud and deceit relating to American's alleged improper rejection of their claims for lost baggage were "so closely related to the loss of the luggage itself as to be, in a sense, indistinguishable from it," and that to allow those claims to proceed would "tear an obvious hold in the Convention's exclusivity . . ." *Cruz*, 193 F.3d at 531-32; *see also Small v. America West Airlines*, No. 05-3793, 2007 WL 3231796, at * 2 (D.N.J. October 30, 2007) (claim for fraud based on defendant's alleged failure to investigate lost baggage claim preempted by Warsaw Convention because it did not constitute "an action separate from one for damages 'in the carriage of . . . baggage'"); *King*, 284 F.3d at 361; *Yanovskiy v. Air France*, No. 98-9055, 1999 WL 248126, at * 1 (2d Cir. April 23, 1999).

Moreover, the Montreal Convention completely preempts Chayoon's state law claims regardless of whether Chayoon is able to satisfy the conditions for recovery under the Convention. The key provision in this regard is Article 29 of the Montreal Convention, entitled "Basis of Claims," which states:

> *In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention* without prejudice as to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action,

> punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Montreal Convention, Article 29 (emphasis added).[8]

Because the Convention applies to Chayoon's carriage, the express language of Article 29 makes clear that any action arising out of that carriage can only be brought subject to the conditions of the Convention. As the Supreme Court held in *Tseng*, to allow a state law claim "would encourage **artful pleading** by plaintiffs seeking to opt out of the Convention's liability scheme when local law promised recovery in excess of that prescribed by the treaty". *Tseng*, 525 U.S. at 171 (emphasis added).

A plaintiff cannot avoid removal simply by framing a federal complaint in state-law terms. Under the "artful pleading" doctrine, which is associated with complete preemption, a court is permitted to look beyond a complaint to determine whether a plaintiff is attempting to conceal the federal nature of the claim. *See Rossello-Gonzalez*, 398 F.3d at 11-12; *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997). Whether a plaintiff has "artfully pleaded" his claims in an attempt to avoid a federal forum, or seeks to artfully restate his claim in response to a removal, the court should uphold removal of a federal claim. *Id.* This is particularly so here, as any state law claims are completely preempted. *See Bloom v. Alaska Airlines*, No. CV-01-00325-RSWL, 2002 WL 1136727, at * 1-2 (9th Cir. May 30, 2002); *Husmann*, 169 F.3d at 1153; *Potter v. Delta Air Lines*, 98 F.3d 881, 883 (5th Cir. 1996); *In Re Air Crash at Belle Harbor*, Nos. 02 Civ. 4765 (RWS) and 1448 (RWS), 2002 WL 31356266, at * 3-4 (S.D.N.Y. October 17, 2002). The same preemptive effect that the Supreme Court gave to the Warsaw Convention applies to the Montreal Convention, the relevant provisions of which are

---

8 Article 24 of the Warsaw Convention similarly provides for complete preemption.

substantively identical. *See Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 110-12 (S.D.N.Y. 2004) (holding that the Montreal Convention, like the Warsaw Convention, preempts all state-law claims within its scope); *Booker*, 2007 WL 1351927, at * 2 (noting that Montreal Convention preempts all state-law claims within its scope in context of claim for damage to partial loss of baggage).

Under the principles of *Tseng*, the Montreal Convention not only preempts state law with respect to all claims occurring during international carriage but also substitutes a treaty-based cause of action for any state law-based cause of action thereby continuing the propriety of removal. *See Maddox v. American Airlines, Inc.*, 298 F.3d 694, 697 (8th Cir. 2002) ("Because actions under the Warsaw Convention, an international treaty, present federal law questions, a federal forum is available. . ."). For this reason, the Court should follow the decisions issued before and after *Tseng* denying motions to remand. *See Husmann*, 169 F.3d at 1152-53; *Knowlton v. American Airlines, Inc.*, No. RDB-06-854, 2007 WL 273794, at * 3-5 (D. Md. Jan. 31, 2007); *Singh v. North American Airlines*, 426 F. Supp. 2d 38, 43-48 (E.D.N.Y. 2006); *In re Air Crash at Belle Harbor*, 2002 WL 31356266, at * 4-5; *Casey v. Panalpina, Inc.*, No. Civ. A 97-3360, 1998 WL 118108, at * 4 (E.D. La. Mar. 12, 1998); *Luna v. Compania Panamena de Aviacion, S.A.*, 851 F. Supp. 826, 831 (S.D. Tex. 1994); *Ajibola v. Sabena Belgium Airline*, No. 95 Civ. 2479, 1995 WL 552737, at * 2 (S.D.N.Y. Sept. 15, 1995); *Velasquez v. Aerovias Nacionales De Colombia, S.A.*, 747 F. Supp. 670, 678-79 (S.D. Fla. 1990).

Chayoon has pled federal claims, and all of Chayoon's claims, including those relating to the alleged treatment he received after his claim for loss was filed with EL AL, arise solely under, are governed exclusively by, and only are permissible if colorable under the Montreal Convention.

## CONCLUSION

For the foregoing reasons, plaintiff's objection to notice of removal should be denied in all respects.

Dated: January 25, 2008

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

/s/ Richard P. Campbell
Richard P. Campbell (RI Bar #5685)
One Constitution Plaza, 3d Floor
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115
rpcampbell@campbell-trial-lawyers.com

-and-

Diane Westwood Wilson
Barry S. Alexander
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 710-3900

Attorneys for Defendant
EL AL ISRAEL AIRLINES, LTD.

## CERTIFICATE OF SERVICE

I, Richard P. Campbell, attorney for the defendant, El Al Israel Airlines, Ltd., hereby certify that on January 2, 2008, I served a true copy of the above Answer by first class mail, postage pre-paid, on the following individual:

Joseph Chayoon
P.O. Box 1535
Westerly, RI 02891

/s/ Richard P. Campbell
Richard P. Campbell